## HIRSHMAN v. H. D. BEST CO.

### (Supreme Court, Appellate Term. November 11, 1910.)

APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action tried to the court, for the contract price of brick, in which the issue was whether the breach was by plaintiff in refusing to deliver, or by defendant in refusing to accept delivery, and the competent evidence on the point was evenly balanced, the erroneous admission of evidence of plaintiff's driver as to a conversation with defendant's timekeeper in which the latter refused to accept deliveries, such refusal not being within the general scope of his duty nor specially authorized, must be presumed to have affected the decision, so as to require reversal of a judgment for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Hirshman against the H. D. Best Company. From a judgment of the Municipal Court of the City of New York for the plaintiff, the defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Sigmund Horkimer, for appellant.

Bernard Hess, for respondent.

BIJUR, J. Plaintiff sued for the contract price of certain bricks delivered to defendant. Defendant alleged breach of contract and a consequent set-off.

The substantial question litigated was whether plaintiff had refused to make further deliveries, or whether defendant had refused to accept deliveries, and thus had broken the contract. On this point the only competent testimony was that given by the plaintiff covering an interview with the defendant, every material item of which was denied by the defendant. Plaintiff was permitted, over defendant's objection and exception, to introduce the evidence of two of his drivers as to conversations had with a person who subsequently turned out to be a mere timekeeper in defendant's employ, and who was said to have refused to accept the deliveries. There is no claim or evidence that this timekeeper was specially authorized by defendant to refuse the deliveries, and such refusal did not fall within the general scope of his duties.

As the whole case turned upon the one question whether delivery was refused by defendant, and since the competent evidence on this point was evenly balanced as between the plaintiff and defendant, it must be assumed that the evidence improperly admitted affected the trial judge's determination.

There are other assignments of error which seem to be good; but they need not be considered, in view of the conclusion at which I have arrived on the one issue.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes